OPINION OF THE COURT
Philip C. Segal, J.
*177 In this proceeding to terminate parental rights, respondent parents move for summary judgment dismissing the petition on the grounds: that the allegations supporting the cause of action (permanent neglect) were in issue and actually litigated in a prior recently concluded proceeding to extend the foster care placement of respondents’ three children (see, Family Ct Act § 1055 [b]); that the court expressly found in the prior proceeding that permanent neglect does not exist; and that the New York City Commissioner of Social Services (hereinafter the Commissioner) and/or her agent, The Salvation Army (the authorized agency providing foster care services in this case), are now collaterally estopped from maintaining otherwise (see, Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178 [1994]; see also, Matter of Sara L., 249 AD2d 23). For the following reasons, the motion is granted.
L
The prior proceeding to extend foster care placement was concluded after an extensive hearing. Over the course of seven days, the court heard the testimony of 10 witnesses (including a court-appointed forensic expert) and received in evidence 37 exhibits (including comprehensive diagnostic and social work assessments on respondents and their three children). As mandated by Family Court Act § 1055 (b), the court carefully reviewed the entire history of the children’s placement, the continued appropriateness of the court-ordered family service plan (designed to “encourage and strengthen the parental relationship”, facilitate the rehabilitation of the family, and result in the children’s discharge from foster care at the earliest time [see, Family Ct Act § 1055 (c); Social Services Law § 384-b (1) (a); § 409-e]), and the extent to which respondents complied with that plan.
In detailed factual findings at the conclusion of the hearing, the court found, inter alia, that respondents had made “remarkable progress” in overcoming the problems which initially led to their children’s foster care placement, that respondents had “visited the children continuously and * * * maintained extremely close ties to them,” and that respondents are now rehabilitated and competent parents.
At the hearing, the Commissioner opposed a return of the children to respondents’ custody. Indeed, notwithstanding respondents’ great progress, the Commissioner sought an order modifying the goal of the family service plan from “discharge *178 to parent” to “freeing the children for adoption.” It was in response to the Commissioner’s application for such relief and based on the court’s separate statutory obligation to determine respondents’ compliance with the family service plan (Family Ct Act § 1055 [b] [iv] [A] [3]) that the court made the factual findings at issue and concluded that grounds to terminate parental rights do not exist. Thus, the court ordered a trial discharge of two of respondents’ children, to be followed shortly thereafter by the trial discharge of the third and continued supervision of respondents by the Commissioner’s caseworkers.
IL
The doctrine of collateral estoppel bars the relitigation of factual issues between the same parties when those issues were in controversy and actually determined in a prior lawsuit. (Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985].) That the parties did not intend to be bound by the factual findings in the prior litigation does not preclude the application of collateral estoppel. (Matter of American Ins. Co. [Messinger], 43 NY2d 184 [1977].) All that is necessary is that (i) there be an “identity of issues” that necessarily were decided in the prior litigation and are decisive of the present litigation, and (ii) the party against whom collateral estoppel is sought had a “full and fair” opportunity to be heard. (Kaufman v Eli Lilly & Co., supra, at 456; Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65 [1969].)
The material factual claims at issue in the present proceeding to terminate parental rights, i.e., whether respondents planned adequately for and maintained sufficient contact with their children (see, Family Ct Act § 614; Social Services Law § 384-b [3], [4] [d]), necessarily were at issue and decided in the prior proceeding the Commissioner filed to extend foster care placement (see, point I, supra). As such, an “identity of issues” exists, and the Commissioner indisputably had a “full and fair” opportunity to be heard. The doctrine of collateral estoppel, therefore, is applicable as a matter of law.
Further, the children’s best interests and principles of judicial economy require a proper application of collateral estoppel so as to obtain a prompt determination of litigation involving the children’s foster care placement. (See, Matter of Sanjivini K., 40 NY2d 1025, 1027 [1976] [emphasizing that courts should consolidate and expeditiously decide proceedings affecting children in foster care]; see also, Matter of Dutchess County Dept. of Social Servs. [Mark M.], 196 AD2d 196 [2d *179 Dept 1994] [Per Curiam] [stressing that the Family Court should make every effort promptly to resolve proceedings concerning the custody of children]; cf., Social Services Law § 383 [5].) Here, the Commissioner’s desire to relitigate factual issues previously decided and involving the testimony of the same 10 witnesses simply because the Commissioner disagrees with the court’s prior findings would result in inordinate delay, waste limited judicial resources and do nothing to advance the children’s interests. The Commissioner’s appropriate remedy is to seek appellate review of the prior findings.
III.
The Commissioner’s claim that differences in the burden of proof in proceedings to extend foster care placement (“preponderance of the evidence” [Matter of Belinda B., 114 AD2d 70, 74 (4th Dept 1986)]) and proceedings to terminate parental rights (“clear and convincing proof’ [Family Ct Act § 622]) preclude an application of collateral estoppel is without merit. In essence, the Commissioner argues that she would have provided additional evidence in support of her position if she had thought that findings in the prior proceeding would apply here. However, recent Court of Appeals precedent does not support this argument. (See, Matter of Lee TT. v Dowling, 87 NY2d 699 [1996].) The Commissioner was obligated to offer whatever evidence she had at the prior proceeding without regard to the lower standard of proof applicable there. (See, supra.) In any event, the quantum of proof received at the hearing in the prior proceeding belies any claim that the record in that proceeding somehow was deficient.
Moreover, the higher standard of proof in a proceeding to terminate parental rights is a due process protection accorded to parents when the State seeks permanently to deprive them of custody. (Santosky v Kramer, 455 US 745 [1982].) Plainly, this due process protection allows respondents in the present proceeding to rely on facts they affirmatively established in the prior proceeding to extend foster care placement even when they had no obligation to do so. (See, Matter of Philip M., 82 NY2d 238 [1993] [holding that the burden is always on the Commissioner of Social Services to prove the necessity to separate parent from child]; Matter of Sunshine A. Y., 88 AD2d 662 [2d Dept 1982].) Conversely, factual findings established by a “preponderance of the evidence” cannot be used against parents in a later proceeding to terminate parental rights because those *180 facts would not have been adjudicated to have satisfied the higher standard of proof. (Santosky v Kramer, supra.)
In view of the foregoing, summary judgment dismissing the present petition to terminate parental rights is required.