■ In the Matter of JUSTIN HENRY B., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; TAWANA C., Appellant.

(Proceeding No. 1.) In the Matter of FANTAISHA NIASHA. PATRICIA C., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; TAWANA C., Appellant. (Proceeding No. 2.) [799 NYS2d 274]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of disposition of the Family Court, Kings County (Lim, J.), both dated January 16, 2004 (one as to each child), which, after fact-finding and dispositional hearings, terminated her parental rights and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The petitioner met its burden of establishing, by clear and convincing evidence, that, despite its diligent efforts to encourage and strengthen the parental relationship, the mother permanently neglected her children by failing substantially and continually to maintain contact with them or plan for their future although she was physically and financially able to do so (see Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; cf. Matter of Sheila G., 61 NY2d 368 [1984]).

Contrary to the mother's contention, the Family Court's prior order, following a permanency hearing, that the goal for the children would remain reunification rather than adoption, did not collaterally estop the petitioner from offering proof of permanent neglect. The time period at issue at the permanency hearing which resulted in the prior order was different from the one at issue in the instant proceedings (see Matter of Jesus II., 249 AD2d 846, 847 [1998]), and the petitioner, therefore, did not have a full and fair opportunity at the permanency hearing to prove the allegations contained in its termination petitions

(*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449 [1985]; *cf. Matter of Julian P.H.*, 177 Misc 2d 176 [1998], *affd sub nom. Matter of Commissioner of Admin. of Children's Servs. of City of N.Y.*, 254 AD2d 416 [1998]).

In addition, the Family Court properly gave only minimal weight to the testimony of the mother's expert witness. While the witness may have been qualified as an expert in social work, her testimony was almost exclusively concerned with whether the petitioner's plan for the mother was adequate given her means and limitations. Inasmuch as such testimony addressed the dispositive legal issue of whether diligent efforts were sufficient, it "infringed upon the function of the court and certainly did not warrant a result favorable to [the mother]" (*see Matter of Michael Anthony Vincent J.*, 253 AD2d 619, 622 [1998]).

The mother's remaining contentions are without merit. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.