■ In the Matter of ROYSTAR T. WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SAMARIAN B., Appellant. [899 NYS2d 508]—

Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered February 11, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to one of her children on the ground of permanent neglect. We affirm. The mother contends that Family Court was biased against her, as evidenced by certain statements made by the court. We reject that contention. The first statement to which the mother objects involved separate proceedings concerning one of her other children. The remaining statements concerned the mother's residence and finances, and thus the statements were relevant to the issue whether the mother had failed to "plan for the future of the child, although physically and financially able to do so" (Social Services Law § 384-b [7] [a]; see Family Ct Act § 611).

Contrary to the mother's further contention, the court did not abuse its discretion in refusing to enter a suspended judgment, determining instead that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption. "The progress made by [the mother] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child's unsettled familial status" (Matter of Maryline A., 22 AD3d 227, 228 [2005]; see Matter of Arella D.P.-D., 35 AD3d 1222 [2006], lv denied 8 NY3d 809 [2007]; Matter of Jose R., 32 AD3d 1284, 1285 [2006], lv denied 7 NY3d 718 [2006]). At the time of the dispositional hearing, the child was 4½ years old and had been placed in foster care on three separate occasions because of the mother's substance abuse, beginning at the time of the child's birth. Although the record established that the mother made progress in treatment and maintained her sobriety for intermittent periods, the record also established that she relapsed each time the child was returned to her care (see Matter of Raine QQ., 51 AD3d 1106 [2008], lv denied 10 NY3d 717

[2008]). We thus conclude that the court properly determined that "[f]reeing the child for adoption provided him with prospects for permanency and some sense of the stability he deserved, rather than the perpetual limbo caused by unfulfilled hopes of returning to [the mother's] care" (*id.* at 1107). Present—Martoche, J.P., Centra, Fahey, Peradotto and Pine, JJ.