■ In the Matter of WHYTNEI B. and Others, Children Alleged to be Permanently Neglected. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; JEFFREY B., Appellant. [907 NYS2d 760]—

Appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered March 10, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating his parental rights on the ground of permanent neglect, respondent father contends that petitioner failed to establish that it had exercised diligent efforts to encourage and strengthen the parent-child relationship both prior to and during the period of his incarceration as required by Social Services Law § 384-b (7) (a). We reject that contention. "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child[ren], providing services to the parent[ ] to overcome problems that prevent the discharge of the child[ren] into [his or her] care, and informing the parent[ ] of [the children's] progress" (*Matter of Jessica Lynn W.*, 244 AD2d 900, 900-901 [1997]; *see* Social Services Law § 384-b [7] [f]). Petitioner is not required, however, to "guarantee that the parent succeed in overcoming his or her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]; *see Matter of Jamie M.*, 63 NY2d 388, 393 [1984]) but, rather, the parent must "assume a measure of initiative and responsibility" (*Jamie M.*, 63 NY2d at 393). Here, petitioner established, by the requisite clear and convincing evidence (*see* Social Services Law § 384-b [3] [g] [i]), that it fulfilled its duty to exercise diligent efforts to encourage and strengthen the father's relationships with his children during the relevant time period (*see generally Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Petitioner further established that, despite those efforts, the father "failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren] although . . . able to do so" (*id.*; *see Matter of Justin Henry B.*, 21 AD3d 369 [2005]). Present— Smith, J.P., Carni, Sconiers and Pine, JJ.