# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**712**

**CAF 10-01325**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF LA'DERRICK J.W. AND
QUENTIN T.W.

------------------------------------------------- MEMORANDUM AND ORDER

JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

ASHLEY W., RESPONDENT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR RESPONDENT-APPELLANT.

CARACCIOLI & NELSON, PLLC, WATERTOWN (KEVIN C. CARACCIOLI OF COUNSEL),
FOR PETITIONER-RESPONDENT.

LISA A. PROVEN, ATTORNEY FOR THE CHILDREN, WATERTOWN, FOR LA'DERRICK
J.W. AND QUENTIN T.W.

-------------------------------------------------------------------------------------------------------

　　　　Appeal from an order of the Family Court, Jefferson County
(Richard V. Hunt, J.), entered June 10, 2010 in a proceeding pursuant
to Social Services Law § 384-b.  The order terminated the parental
rights of respondent on the ground of permanent neglect.

　　　　It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

　　　　Memorandum:  Respondent mother appeals from an order terminating
her parental rights with respect to the children who are the subject
of this proceeding on the ground of permanent neglect and transferring
guardianship and custody of the children to petitioner.  The children
were originally removed from the mother's care and placed in foster
care after her paramour suffocated and killed another of her children.
A permanent neglect petition with respect to the children was filed,
hearings were held and Family Court, inter alia, terminated the
mother's parental rights.  We reversed that order, however, and
remitted the matter for reassignment of counsel and a new hearing on
the petition because the court abused its discretion in granting the
motion of the mother's attorney to withdraw as counsel without notice
to her (*Matter of La'Derrick W.*, 63 AD3d 1538).  Upon remittal, the
court conducted further hearings and, inter alia, terminated the
mother's parental rights with respect to the children.  We affirm.

　　　　Contrary to the mother's contention, petitioner established by
clear and convincing evidence that it made the requisite diligent
efforts to encourage and strengthen the mother's relationship with the
children (*see Matter of Sheila G.*, 61 NY2d 368, 373).  " 'Diligent

efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child[ren], providing services to the parent[] to overcome problems that prevent the discharge of the child[ren] into [his or her] care, and informing the parent[] of [the children's] progress' " (*Matter of Whytnei B.*, 77 AD3d 1340, 1341; *see* Social Services Law § 384-b [7] [f]). "Petitioner is not required, however, to 'guarantee that the parent succeed in overcoming his or her predicaments' . . . but, rather, the parent must 'assume a measure of initiative and responsibility' " (*Whytnei B.*, 77 AD3d at 1341). The record establishes that, although the mother moved to Louisiana shortly after the children were placed in foster care, petitioner regularly updated the mother on the children's progress, encouraged her to return to New York where she could receive required services at the expense of Jefferson County and to maintain contact with the children, and provided her with contact information for, inter alia, grief counseling in Louisiana. Petitioner also facilitated phone contact between the mother and the children at regularly scheduled times. Petitioner thus fulfilled its duty to exercise diligent efforts to encourage and strengthen the mother's relationship with her children during the relevant time period (*see generally Matter of Star Leslie W.*, 63 NY2d 136, 142). Petitioner further established that, despite those efforts, the mother "failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren] although . . . able to do so" (*id.; see Matter of Justin Henry B.*, 21 AD3d 369, 370; *see also Matter of Marchesia W.*, 267 AD2d 1095, *lv denied* 95 NY2d 755).

We reject the mother's further contention that termination of her parental rights and freeing the children for adoption was not in the best interests of the children (*see Matter of Eleydie R.*, 77 AD3d 1423; *see generally Star Leslie W.*, 63 NY2d at 147-148). The record establishes that the mother made minimal efforts to contact or to visit the children either preceding or subsequent to this proceeding and that the children had been in the custody of the same foster mother, who was prepared to adopt the children, for several years.

Contrary to the mother's contention, she was not denied due process when the dispositional hearing was held in her absence. The court initially adjourned the dispositional hearing when the mother was unable to appear. At that time, the mother provided documentation from a doctor establishing that one of her other children had suffered a brain aneurism and underwent surgery. The hearing was rescheduled for several weeks later, and the mother was again absent therefrom. Although the mother's attorney appeared, he relayed only that the mother felt she could not travel because of the medical condition of the other child and that she had provided no documentation to justify her absence. "[A] parent's right to be present for fact-finding and dispositional hearings in termination cases is not absolute" (*Matter of James Carton K.*, 245 AD2d 374, 377, *lv denied* 91 NY2d 809). In light of the amount of time that the children had spent in foster care and the fact that the mother's attorney vigorously represented her interests at the dispositional hearing, we conclude that the court did not abuse its discretion in conducting the hearing in her absence (*see Matter of Lillian D.L.*, 29 AD3d 583, 584).

We have considered the mother's remaining contentions and conclude that they are without merit.

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court