# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**124**
**CAF 10-02395**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF GERALD G., JR., AND
SYLVANNA G.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,       MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ORENA G., RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR GERALD G., JR.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO, FOR SYLVANNA G.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered September 23, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to two of her children. Contrary to the mother's contention, "[p]etitioner met its initial burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the [mother's] relationship with the child[ren]" (*Matter of Rachael N.*, 70 AD3d 1374, *lv denied* 15 NY3d 708; *see Matter of Geoffrey N.*, 16 AD3d 1167). Petitioner was not required to ensure that the mother succeeded in overcoming her obstacles but, rather, the mother was required to assume some responsibility in dealing with those challenges (*see Matter of La'Derrick J.W.*, 85 AD3d 1600, 1601, *lv denied* 17 NY3d 709; *Matter of Whytnei B.*, 77 AD3d 1340). Here, the record establishes that the mother was unable to keep her house clean, to budget properly or to parent the children properly. Indeed, during the three years in which the proceeding was pending, the mother never progressed beyond supervised visitation with the children. Further, the expert psychologists for both petitioner and the mother testified

that the mother was not yet able to assume parenting duties for the children.  Although the mother attended parenting and domestic violence classes, the evidence establishing that she was "inconsistently applying the knowledge and benefits she obtained from the services provided[ and] arguing with various service providers and professionals" sufficiently supported a finding that she failed to articulate a realistic plan for the children's return to her care (*Matter of Douglas H.*, 1 AD3d 824, 825, *lv denied* 2 NY3d 701; *see Matter of Elijah NN.*, 20 AD3d 728, 730).  Thus, the evidence in the record establishes that the mother failed to "plan for the future of the child[ren], although physically and financially able to do so" (Social Services Law § 384-b [7] [a]; *see* Family Ct Act § 611).

We reject the mother's further contention that terminating her parental rights was not in the best interests of the children.  Upon a finding of permanent neglect, "[a]n order of disposition shall be made . . . solely on the basis of the best interests of the child, and there shall be no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631).  The record establishes that the subject children had been in petitioner's care for approximately four years when the order on appeal was entered, and that they were thriving in their foster home.  In contrast, the record establishes that, when the children were removed from the mother's care, the son was often nervous and uncontrollable, and the daughter was experiencing a physical failure to grow.  Contrary to the contention of the mother, " '[t]he progress made by [her] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Roystar T.*, 72 AD3d 1569, 1569, *lv denied* 15 NY3d 707).  Finally, we reject the mother's further contention that Family Court abused its discretion in denying her request for a suspended judgment (*see Matter of Arella D.P.-D.*, 35 AD3d 1222, *lv denied* 8 NY3d 809).

Entered:  January 31, 2012

Frances E. Cafarell
Clerk of the Court