# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

155
CAF 10-02508
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF ATREYU G. AND REYAUNA G.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JANA M., RESPONDENT-APPELLANT,
ET AL., RESPONDENT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILDREN, MANLIUS, FOR ATREYU G. AND
REYAUNA G.

---

Appeal from an order of the Family Court, Onondaga County (Martha
E. Mulroy, J.), entered December 10, 2010 in a proceeding pursuant to
Social Services Law § 384-b.  The order, among other things,
terminated respondents' parental rights and transferred custody of the
subject children to petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law §
384-b, respondent mother appeals from an order that, inter alia,
terminated her parental rights with respect to the two subject
children and ordered that they be freed for adoption.  "An appeal from
a dispositional order of Family Court brings up for review the
propriety of a fact-finding order" (*Matter of Lisa E.* [appeal No. 1],
207 AD2d 983; *see generally Matter of Jason S.*, 36 AD3d 618; *Matter of
Baby Boy C.*, 13 AD3d 619).  The mother contends that she was denied
procedural due process because Family Court conducted a fact-finding
hearing in her absence, while she was incarcerated.  The mother has
raised that contention for the first time on appeal, however, and thus
has failed to preserve it for our review (*see Matter of Derrick T.M.*,
286 AD2d 938; *see generally Matter of Vanessa S.*, 20 AD3d 924).  In
any event, " '[a] parent's right to be present for fact-finding and
dispositional hearings in termination cases is not absolute' " (*Matter
of Giovannie M.-V.*, 35 AD3d 1244, 1245; *see Matter of Eric L.*, 51 AD3d
1400, 1401, *lv denied* 10 NY3d 716).  Here, the court initially
adjourned the fact-finding hearing when the mother appeared without

counsel, and the court re-appointed her prior attorney to represent her. The hearing was rescheduled for several weeks later, but the mother failed to appear in court on the adjourned date. Although the mother's attorney appeared, he stated that he had no information regarding the mother's whereabouts, and that she had not met with him to prepare for the hearing. In addition, the record reflects that the mother was aware of the proceeding, that she changed her place of residency frequently throughout the pendency of the proceeding, and that she refused to apprise petitioner or her attorney of her addresses prior to court appearances. Furthermore, although the mother stated that she had been "in jail until that morning," she made no attempt to contact the court or her attorney to seek an adjournment of the hearing, and her statement fails to establish that she was still in jail when the hearing took place. Thus, "[i]n light of the amount of time that the children had spent in foster care and the fact that the mother's attorney vigorously represented her interests at the [fact-finding] hearing, we conclude that the court did not abuse its discretion in conducting the hearing in her absence" (*Matter of La'Derrick J.W.*, 85 AD3d 1600, 1602, *lv denied* 17 NY3d 709).

The mother did not request a suspended judgment and thus failed to preserve for our review her contention that the court should have granted that relief (*see Matter of Rosalinda R.*, 16 AD3d 1063, *lv denied* 5 NY3d 702). "Finally, the mother did not ask the court to consider post-termination contact with the children in question or to conduct a hearing on that issue, and we conclude in any event that she 'failed to establish that such contact would be in the best interests of the children' " (*Matter of Christopher J.*, 60 AD3d 1402, 1403; *see Matter of Andrea E.*, 72 AD3d 1617, *lv denied* 15 NY3d 703).

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court