# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

206
CAF 10-02049
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

IN THE MATTER OF JUSTAIN R. AND SHANE R.
------------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,       MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JUAN F., RESPONDENT-APPELLANT.

FARES A. RUMI, ROCHESTER, FOR RESPONDENT-APPELLANT.

DAVID VAN VARICK, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered September 28, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that the subject children were permanently neglected by respondent and committed the guardianship and custody of the subject children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights pursuant to Social Services Law § 384-b on the ground of permanent neglect. We affirm. Petitioner met its burden of proving "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the father] and the child[ren]" (*Matter of Ja-Nathan F.*, 309 AD2d 1152; *see* § 384-b [7] [a]; *Matter of Rachael N.*, 70 AD3d 1374, *lv denied* 15 NY3d 708). Contrary to the contention of the father, the evidence at the hearing establishes that, despite petitioner's diligent efforts to reunite him with the children, he continued to use drugs; lived in numerous temporary or rundown rooms or apartments that were unsuitable for children; continued to demonstrate problems with aggression in general and domestic violence against the children's mother in particular; and refused to participate in counseling of any kind until either immediately before or immediately after the termination petition was filed. Thus, petitioner established that the father "failed to address successfully the problems that led to the removal of the child[ren] and continued to prevent the child[ren]'s safe return" (*Ja-Nathan F.*, 309 AD2d 1152; *see Matter of Brittany K.*, 59 AD3d 952, 953, *lv denied* 12 NY3d 709).

We reject the father's contention that termination of his

parental rights was not in the best interests of the children. The minimal " 'progress made by [the father] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Roystar T.*, 72 AD3d 1569, 1569, *lv denied* 15 NY3d 707; *see Matter of Sean W.*, 87 AD3d 1318, 1319, *lv denied* 18 NY3d 802). Finally, we conclude that Family Court properly refused to allow any post-termination contact between the father and the children (*see Matter of Atreyu G.*, 91 AD3d 1342; *Matter of Cayden L.R.*, 83 AD3d 1550, 1551; *Matter of Christopher J.*, 60 AD3d 1402, 1403).

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court