# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**779**
**CAF 11-00022**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF TIOSHA J., TAMARI J., AND
KAMARI J.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

KACHOYA H., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR TIOSHA
J., TAMARI J., AND KAMARI J.

---

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered December 21, 2010 in a proceeding pursuant to
Social Services Law § 384-b.  The order terminated the parental rights
of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order that, inter
alia, terminated her parental rights with respect to three of her
children on the ground of permanent neglect.  We affirm.  It is
undisputed that the mother cared for the oldest child for a period of
only 10 months following the child's birth and that her twin daughters
were removed at birth and were never returned to her care.  Contrary
to the mother's contention, petitioner met its burden of proving "by
clear and convincing evidence that it made diligent efforts to
encourage and strengthen the relationship between [the mother] and
[her] child[ren]" (*Matter of Ja-Nathan F.*, 309 AD2d 1152; *see* Social
Services Law § 384-b [7] [a]).  The record establishes that petitioner
tailored services to her needs with respect to domestic violence,
parenting, and substance abuse (*see Matter of La'Derrick J.W.*, 85 AD3d
1600, 1601, *lv denied* 17 NY3d 709; *see generally Matter of Star Leslie
W.*, 63 NY2d 136, 142).  Petitioner also established that the mother
failed to plan for the future of her children, although able to do so
(*see La'Derrick J.W.*, 85 AD3d at 1601-1602).  Although the mother
completed a parenting and a domestic violence program and regularly
attended supervised weekly visitation with the children, she refused
to attend another domestic violence program after the children's

father assaulted her and damaged furniture and the interior of her home.  The mother also refused to attend recommended drug treatment; failed to provide petitioner's employees access to her home, the condition of which resulted in the removal of her oldest child; and failed to verify her income.

The court properly determined that it was in the best interests of the children to terminate the mother's parental rights.  In the nearly three years from the date on which the petition was filed until the date on which the dispositional hearing was conducted, the mother failed adequately to address the issues that caused the removal of her children (*see Matter of Rachael N.*, 70 AD3d 1374, *lv denied* 15 NY3d 708).  We have reviewed the mother's remaining contentions and conclude that they are without merit.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court