# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1267**
**CAF 12-00007**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF SERENITY G.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ORENA G., RESPONDENT-APPELLANT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR SERENITY G.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered December 6, 2011 in a proceeding pursuant to Social Services Law § 384-b.  The order, among other things, transferred the guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect.  We affirm.  Initially, we note that the mother failed to preserve for our review her contention that Family Court erred in considering postpetition conduct prior to the dispositional hearing (*see Matter of Darren HH. [Amber HH.]*, 68 AD3d 1197, 1198, *lv denied* 14 NY3d 703; *Matter of "Baby Girl" Q.*, 14 AD3d 392, 393, *lv denied* 5 NY3d 704).

Also contrary to the mother's contention, petitioner established by clear and convincing evidence that she permanently neglected the subject child (*see* Social Services Law § 384-b [3] [g] [i]; [4] [d]).  It is undisputed that the child was removed from the mother's care two days after her birth and was never returned to the mother's care.  Petitioner met its initial burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the mother's relationship with the child (*see* § 384-b [7] [a]; *see generally Matter of Star Leslie W.*, 63 NY2d 136, 142; *Matter of Rachael N. [Christine N.]*, 70 AD3d 1374, 1374, *lv*

*denied* 15 NY3d 708).  The mother thereafter failed to establish that she had a meaningful plan for the child's future, including that she has addressed the problems that caused the removal of the child (*see Matter of Justain R*., 93 AD3d 1174, 1175; *Rachael N.*, 70 AD3d at 1374).  Although the mother attended some of the parenting classes to which she was referred, petitioner presented evidence that she was "inconsistently applying the knowledge and benefits she obtained from the services provided[ and was] arguing with various service providers and professionals," and petitioner thus established that the mother failed to articulate a realistic plan for the child's return to her care (*Matter of Douglas H*., 1 AD3d 824, 825, *lv denied* 2 NY3d 701).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court