# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1374**
**CAF 11-01895**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.
_____

IN THE MATTER OF JOANNA P., SAMANTHA M.,
JULIAN W., AND ADAIR M.
------------------------------------------            MEMORANDUM AND ORDER
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

PATRICIA M., RESPONDENT-APPELLANT.
_____

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

PAMELA THIBODEAU, ATTORNEY FOR THE CHILDREN, WILLIAMSVILLE, FOR JOANNA
P. AND SAMANTHA M.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILDREN, BUFFALO, FOR JULIAN W.
AND ADAIR M.

--------------------------------------------------------------------------------------------------------

        Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered July 22, 2011 in a proceeding pursuant to
Social Services Law § 384-b.  The order, inter alia, terminated the
parental rights of respondent.

        It is hereby ORDERED that said appeal insofar as it concerned
respondent's oldest child is unanimously dismissed and the order is
affirmed without costs.

        Memorandum:  Respondent mother appeals from an order that, inter
alia, terminated her parental rights pursuant to Social Services Law
§ 384-b on the ground of permanent neglect.  We dismiss as moot the
appeal from the order insofar as it concerned the mother's oldest
child inasmuch as she has attained the age of 18 (*see Matter of
Anthony M.*, 56 AD3d 1124, 1124, *lv denied* 12 NY3d 702).

        We conclude that petitioner met its initial burden of
establishing by clear and convincing evidence that it made the
requisite diligent efforts to encourage and strengthen the mother's
relationship with the younger children, and the mother failed to
establish that she "had 'a meaningful plan for the child[ren's]
future, including that [she has] addressed the problems that caused
the removal' of the child[ren]" (*Matter of Rachael N. [Christine N.]*,
70 AD3d 1374, 1374, *lv denied* 15 NY3d 708).  "Petitioner was not
required to ensure that the mother succeeded in overcoming her
obstacles but, rather, the mother was required to assume some

responsibility in dealing with those challenges" (*Matter of Gerald G. [Orena G.]*, 91 AD3d 1320, 1320, *lv denied* 19 NY3d 801). " '[A]lthough [the mother] participated in [some of] the services offered by petitioner, [s]he failed to address successfully the problems that led to the removal of the child[ren] and continued to prevent [their] safe return' " (*Matter of Brittany K.*, 59 AD3d 952, 953, *lv denied* 12 NY3d 709).

Contrary to the mother's contention, the record supports Family Court's determination that a suspended judgment would not serve the best interests of the younger children (*see Matter of Tiara B. [Torrence B.]*, 70 AD3d 1307, 1307-1308, *lv denied* 14 NY3d 709; *see generally Matter of Mercedes L.*, 12 AD3d 1184, 1185; *Matter of Saboor C.*, 303 AD2d 1022, 1023). " 'The progress made by [the mother] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child[ren's] unsettled familial status' " (*Matter of Roystar T. [Samarian B.]*, 72 AD3d 1569, 1569, *lv denied* 15 NY3d 707).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court