# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**106**

**CAF 13-01785**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF DAKOTA H.
-------------------------------------

ONONDAGA COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;                    MEMORANDUM AND ORDER

DANIELLE F. AND JAMES H.,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR RESPONDENT-APPELLANT DANIELLE F.

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT JAMES H.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (BENJAMIN M. YAUS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILD, MANLIUS.

---

Appeals from an order of the Family Court, Onondaga County
(Michael L. Hanuszczak, J.), entered September 24, 2013 in a
proceeding pursuant to Social Services Law § 384-b.  The order, among
other things, terminated respondents' parental rights and transferred
guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, respondent parents appeal from an
order that, inter alia, terminated their parental rights with respect
to their daughter and, in appeal No. 2, respondent mother appeals from
an order that, inter alia, terminated her parental rights with respect
to her two sons.  We affirm.

With respect to the mother's contentions in both appeals, we
agree that petitioner met its burden of proving " 'by clear and
convincing evidence that it made diligent efforts to encourage and
strengthen the relationship' " between the mother and her children
(*Matter of Justain R. [Juan F.]*, 93 AD3d 1174, 1174), i.e.,
"reasonable attempts . . . to assist, develop and encourage a
meaningful relationship between the parent and child[ren]" (Social
Services Law § 384-b [7] [f]; *see Matter of Sheila G.*, 61 NY2d 368,
384).  Here, petitioner developed a service plan for the mother that
included parenting classes, supervised visitation, assistance by a

parent aide, domestic violence counseling, couples counseling, mental health counseling and several home visits. Contrary to the mother's contention, petitioner engaged in meaningful efforts with respect to her unstable housing situation, but she was not receptive. Indeed, she continued to move in and out of the father's house, which was unsuitable for the children because of its overall filth and the presence of several large, aggressive dogs. Petitioner also engaged in meaningful efforts with respect to supervised visitation, but the mother failed to progress to unsupervised visits.

Also contrary to the mother's contention, petitioner demonstrated by clear and convincing evidence that she failed to plan adequately for the future of her children, "although physically and financially able to do so" (Social Services Law § 384-b [7] [a]); *see Matter of Star Leslie W.*, 63 NY2d 136, 142-143). Although the mother completed two domestic violence programs, she admitted that she continued to engage in acts of domestic violence against the father. She also participated in other counseling services, but failed to make progress. She conceded that her living arrangements were unstable, and that she moved in and out of the father's house about "fifty times," despite its unsuitability for her children. Contrary to her contention that she was unable to afford adequate housing, the evidence showed that she had some income and was given the opportunity to apply for additional financial support. Finally, although the mother completed a parenting class and regularly attended her supervised visits with her children, those visits had to be reduced from two 90-minute visits per week to a single, hour-long visit per week, and yet she continued to be overwhelmed by her three children, resulting in at least one instance of physical violence against one of the children.

The mother failed to preserve for our review her contention that the court abused its discretion in failing to impose a suspended judgment (*see Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1343, *lv denied* 19 NY3d 801). In any event, a suspended judgment was not warranted under the circumstances inasmuch as "any 'progress made by [the mother] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Donovan W.*, 56 AD3d 1279, 1279, *lv denied* 11 NY3d 716).

Turning to the father's contentions with respect to appeal No. 1, we note that he failed to preserve for our review his contention that the court violated his due process rights by conducting the fact-finding and dispositional hearings in his absence (*see Atreyu G.*, 91 AD3d at 1342). In any event, that contention is without merit. "[A] parent's right to be present for fact-finding and dispositional hearings in termination cases is not absolute" (*id.* [internal quotation marks omitted]). " 'Absent unusual, justifiable circumstances, [a parent's] rights should not be terminated without his [or her] presence at the hearing' " (*Matter of Laticia B.*, 156 AD2d 681, 682; *see Matter of Dominique L.B.*, 231 AD2d 948, 949). Nevertheless, "[t]he child whose guardianship and custody is at stake also has a fundamental right to a prompt and permanent adjudication"

(*Matter of James Carton K.*, 245 AD2d 374, 377, *lv denied* 91 NY2d 809).
"Thus, when faced with the unavoidable absence of a parent, a court
must balance the respective rights and interests of both the parent
and the child in determining whether to proceed" (*id.*).  Here, the
father had been made aware of the scheduled fact-finding hearing but
failed to appear, despite an explicit warning from the court that the
hearing would proceed in his absence.  Although he told his attorney
and a caseworker that he did not appear because he had a flat tire, he
told his mother that he did not appear because he had overslept.  We
note in any event that the father's attorney fully represented his
interests at the fact-finding hearing and thus the father has failed
to demonstrate that he suffered any prejudice as a result of his
absence (*see Matter of Eric L.*, 51 AD3d 1400, 1401-1402, *lv denied* 10
NY3d 716; *Matter of Keyanna AA.*, 35 AD3d 1079, 1080).  The father also
failed to appear, without excuse, for the scheduled dispositional
hearing, despite having been made aware of the date and time of the
hearing multiple times by his lawyer.  In any event, the father's
attorney represented his interests at the dispositional hearing and
the father has failed to demonstrate that he suffered any prejudice as
a result of his absence (*see Eric L.*, 51 AD3d at 1401-1402).

       Contrary to the father's contention, petitioner met its burden of
proving by " 'clear and convincing evidence that it made diligent
efforts to encourage and strengthen the relationship' " between the
father and his child (*Justain R. [Juan F.]*, 93 AD3d at 1174).  The
evidence at the hearing established that petitioner gave the father
the name and address of his child's primary care physician, as well as
a schedule of future medical appointments.  Moreover, despite
petitioner's efforts, the father failed to participate meaningfully in
counseling, failed to attend service plan review meetings, rarely used
his full visitation time, and, although he made some alterations to
his home, failed to make it suitable for children.

       We also reject the father's contention that petitioner failed to
demonstrate by clear and convincing evidence that he failed to plan
adequately for the future of his child (*see Star Leslie W.*, 63 NY2d at
142-143).  The father refused to attend individual counseling
sessions, requested that his weekly visits with his child be reduced
to biweekly visits because he was "too busy" and, ultimately, he
attended only 5 of 24 scheduled visits.  He also failed to contact his
child's daycare for progress reports or attend service plan review
meetings, among other things.  Finally, despite no apparent physical
or financial limitations, the father failed to remedy the unsuitable
living conditions of his home.

       Finally, we reject the father's contention that he was denied
effective assistance of counsel "inasmuch as he did not demonstrate
the absence of strategic or other legitimate shortcomings" (*Matter of
Brown v Gandy*, ___ AD3d ___, ___ [Feb. 6, 2015] [internal quotation

marks omitted]).