# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

648

CAF 14-01134

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ZACHARY H.
-----------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JESSICA H., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (POLLY E. JOHNSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

STEPHANIE N. DAVIS, ATTORNEY FOR THE CHILD, OSWEGO.

---

Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered May 28, 2014 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights over the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect and freed the child for adoption. Contrary to the mother's contention, petitioner established "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the mother] and the child" (*Matter of Ja-Nathan F.*, 309 AD2d 1152, 1152; *see* Social Services Law § 384-b [3] [g] [i]; [7] [a]), and that, despite her participation in some of the services afforded her, the mother "did not successfully address or gain insight into the problem that led to the removal of the child and continued to prevent the child's safe return" (*Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *see Matter of Cayden L.R. [Melissa R.]*, 108 AD3d 1154, 1155-1156, *lv denied* 22 NY3d 866; *Ja-Nathan F.*, 309 AD2d at 1152). Contrary to the further contention of the mother, Family Court properly determined that she failed to plan for the future of the child, although able to do so (*see Matter of Whytnei B. [Jeffrey B.]*, 77 AD3d 1340, 1341). The mother did not comply with her service plan, inasmuch as she did not regularly attend visitation, find stable housing, or consistently

engage in mental health treatment.

Finally, the court did not abuse its discretion in refusing to enter a suspended judgment.  The record supports the court's determination that a suspended judgment, i.e., "a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311), was not in the best interests of the child (*see Matter of Alexander M. [Michael A.M.]*, 106 AD3d 1524, 1525).  The mother's "negligible progress" in addressing the issues that initially necessitated the child's removal from her custody " 'was not sufficient to warrant any further prolongation of the child's unsettled familial status' " (*Alexander M.*, 106 AD3d at 1525).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court