██ In the Matter of RENYHIA M. and Another, Infants. COMMISSIONER OF THE ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHAWNA M., Appellant. [12 NYS3d 760]—

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered September 2, 2014 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Family Court properly granted the petition seeking to terminate the parental rights of respondent mother with respect to the subject children on the ground of permanent neglect. The mother admitted that she permanently neglected the children, and the record of the dispositional hearing supports the court's determination that the best interests of the children would be served by terminating the mother's parental rights and freeing the children for adoption (*see Matter of La'Derrick J.W. [Ashley W.]*, 85 AD3d 1600, 1602 [2011], *lv denied* 17 NY3d 709 [2011]; *Matter of Eleydie R. [Maria R.]*, 77 AD3d 1423, 1424 [2010]).

We reject the mother's contention that the court abused its discretion in declining to enter a suspended judgment. "The court's focus at the dispositional hearing is the best interests of the child[ren,] . . . [and] [t]he court's assessment that the [mother] was not likely to change [her] behavior is entitled to great deference" (*Matter of Kyle S.*, 11 AD3d 935, 936 [2004] [internal quotation marks omitted]). Furthermore, "the record of the dispositional hearing establishes that . . . any progress that [the mother] made was not sufficient to warrant any further prolongation of the child[ren's] unsettled familial status" (*Matter of Kyla E. [Stephanie F.]*, 126 AD3d 1385, 1386 [2015], *lv denied* 25 NY3d 910 [2015] [internal quotation marks omitted]). Lastly, we reject the mother's contention that she was denied effective assistance of counsel "inasmuch as [she] did not demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390 [2015] [internal quotation marks omitted]). Present—Centra, J.P., Lindley, Sconiers, Whalen and DeJoseph, JJ.