# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**877**
**CAF 14-01769**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF RENYHIA M. AND RAHMIER M.
---------------------------------------------     MEMORANDUM AND ORDER
COMMISSIONER OF THE ONTARIO COUNTY DEPARTMENT
OF SOCIAL SERVICES, PETITIONER-RESPONDENT;

SHAWNA M., RESPONDENT-APPELLANT.

---

SUSAN GRAY JONES, CANANDAIGUA, FOR RESPONDENT-APPELLANT.

JOHN W. PARK, COUNTY ATTORNEY, CANANDAIGUA (HOLLY A. ADAMS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

JOSEPH S. DRESSNER, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

---

Appeal from an order of the Family Court, Ontario County (Craig
J. Doran, J.), entered September 2, 2014 in a proceeding pursuant to
Social Services Law § 384-b. The order terminated the parental rights
of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Family Court properly granted the petition seeking
to terminate the parental rights of respondent mother with respect to
the subject children on the ground of permanent neglect. The mother
admitted that she permanently neglected the children, and the record
of the dispositional hearing supports the court's determination that
the best interests of the children would be served by terminating the
mother's parental rights and freeing the children for adoption (*see
Matter of La'Derrick J.W. [Ashley W.]*, 85 AD3d 1600, 1602, *lv denied*
17 NY3d 709; *Matter of Eleydie R. [Maria R.]*, 77 AD3d 1423, 1424).

We reject the mother's contention that the court abused its
discretion in declining to enter a suspended judgment. "The court's
focus at the dispostional hearing is the best interests of the
child[ren,] . . . [and] [t]he court's assessment that the [mother] was
not likely to change her behavior is entitled to great deference"
(*Matter of Kyle S.*, 11 AD3d 935, 936 [internal quotation marks
omitted]). Furthermore, "the record of the dispositional hearing
establishes that . . . any progress that [the mother] made was not
sufficient to warrant any further prolongation of the child[ren's]
unsettled familial status" (*Matter of Kyla E. [Stephanie F.]*, 126 AD3d
1385, 1386, *lv denied* ___ NY3d ___ [June 10, 2015] [internal quotation
marks omitted]). Lastly, we reject the mother's contention that she

was denied effective assistance of counsel "inasmuch as [she] did not demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390 [internal quotation marks omitted]).

Entered:  July 2, 2015                              Frances E. Cafarell
                                                    Clerk of the Court