# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1357**
**CAF 14-01768**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JERIKKOH W.
------------------------------------------------
ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

REBECCA W., RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

GARY L. CURTISS, COUNTY ATTORNEY, CANANDAIGUA (HOLLY A. ADAMS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

SONALI R. SUVVARU, ATTORNEY FOR THE CHILD, CANANDAIGUA.

---

Appeal from an order of the Family Court, Ontario County (Craig
J. Doran, J.), entered March 20, 2014 in a proceeding pursuant to
Social Services Law § 384-b.  The order, inter alia, terminated the
parental rights of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia,
terminated her parental rights with respect to the subject child on
the ground of permanent neglect and transferred guardianship and
custody of the child to petitioner.  The child was removed from the
mother's custody after he suffered a broken femur in August 2010, and
the mother pleaded guilty to assault in the third degree in connection
with that injury (Penal Law § 120.00 [2]).  In August 2011, the child
suffered further injuries during an overnight unsupervised visit with
the mother and, in May 2012, the mother was convicted of assault in
the third degree and endangering the welfare of a child (§ 260.10 [1])
for inflicting those injuries.  As part of the mother's sentence on
the second assault conviction, a no-contact order of protection was
issued in favor of the child through December 2014.  Petitioner then
commenced this proceeding.

Contrary to the mother's contention, petitioner demonstrated by
the requisite clear and convincing evidence that it made diligent
efforts to encourage and strengthen the relationship between the
mother and the child (*see Matter of Davianna L. [David R.]*, 128 AD3d
1365, 1365, *lv denied* 25 NY3d 914; *see generally Matter of Alex C.,
Jr. [Alex C., Sr.]*, 114 AD3d 1149, 1149-1150, *lv denied* 23 NY3d 901).

Among other things, petitioner arranged for a psychological evaluation of the mother, facilitated visitation between the mother and the child, provided the mother with parenting classes, referred the mother for counseling, invited the mother to participate in service plan reviews, and contacted potential guardians, whom the mother had identified, for the child.

Contrary to the mother's further contention, petitioner established that, despite those efforts, the mother failed to plan appropriately for the child's future (*see Alex C., Jr.*, 114 AD3d at 1150; *Matter of Whytnei B. [Jeffrey B.]*, 77 AD3d 1340, 1341).  It is well settled that, to plan substantially for a child's future, "the parent must take meaningful steps to correct the conditions that led to the child's removal" (*Matter of Tatianna K. [Claude U.]*, 79 AD3d 1184, 1185-1186; *see Matter of Nathaniel T.*, 67 NY2d 838, 840).  Here, the mother failed to accept responsibility for the events that led to the child's removal and the entry of the order of protection against her, and she failed to attend the recommended counseling aimed at dealing with the mental health issues underlying those events.  In addition, the mother failed to identify any meaningful plan for the child while the order of protection was in place, and that failure, like the failure of an incarcerated parent to plan, supports a finding of permanent neglect (*see Matter of Gena S. [Karen M.]*, 101 AD3d 1593, 1594, *lv dismissed* 21 NY3d 975).  We therefore reject the mother's contention that it was not in the child's best interests for the court to terminate her parental rights.

Entered: December 31, 2015                          Frances E. Cafarell
                                                    Clerk of the Court