Matter of Joshua W., Jr. (Joshua W., Sr.) (2018 NY Slip Op 02102)





Matter of Joshua W., Jr. (Joshua W., Sr.)


2018 NY Slip Op 02102


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


417 CAF 17-00208

[*1]IN THE MATTER OF JOSHUA W., JR. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JOSHUA W., SR., RESPONDENT-APPELLANT.






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-APPELLANT. 
WENDY G. PETERSON, OLEAN, FOR PETITIONER-RESPONDENT.
STEVEN J. LORD, FRANKLINVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered January 5, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect and freed the child for adoption. Contrary to the father's contention, petitioner established
" by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the father] and the child' " (Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1149-1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]; see § 384-b [3] [g] [i]; [7] [a]). Among other things, petitioner arranged for the father's psychological examination, facilitated supervised visitation between the father and the child, attempted unsupervised visits, and provided referrals for various services.
Furthermore, "[a]lthough [the father] participated in [some of] the services offered by petitioner, [he] failed to address successfully the problems that led to the removal of the child[ ] and continued to prevent [his] safe return" (Matter of Joanna P. [Patricia M.], 101 AD3d 1751, 1752 [4th Dept 2012], lv denied 20 NY3d 863 [2013] [internal quotation marks omitted]; see Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1777 [4th Dept 2017], lv denied 29 NY3d 917 [2017]; Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1597 [4th Dept 2011], lv denied 17 NY3d 705 [2011]). While the father completed parenting classes and a domestic violence class, he did not successfully complete mental health treatment or addiction and substance abuse treatment, and evidence that he was " inconsistently applying the knowledge and benefits [he] obtained from the services provided [and] arguing with various service providers and professionals' sufficiently supported a finding that [he] failed to articulate a realistic plan for the child[ ]'s return to [his] care" (Matter of Gerald G. [Orena G.], 91 AD3d 1320, 1321 [4th Dept 2012], lv denied 19 NY3d 801 [2012]). The record contains no evidence that the father "provide[d] any realistic and feasible' alternative to having the child[ ] remain in foster care until the [father]'s release from prison," which "supports a finding of permanent neglect" (Matter of Gena S. [Karen M.] [appeal No. 1], 101 AD3d 1593, 1594 [4th Dept 2012], lv dismissed 21 NY3d 975 [2013]; see Social Services Law
§ 384-b [7] [c]; Alex C., Jr., 114 AD3d at 1150).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court