■ In the Matter of ULYSSES T., JR. — Order reversed, without costs, motion denied and matter remitted to Monroe County Family Court for further proceedings in accordance with the following memorandum: Petitioner, director of Social Services, brought this proceeding to terminate respondent father's rights to custody of his infant son pursuant to subdivision 5 of section 384-b of the Social Services Law. That subdivision provides: "5. (a) For the purposes of this section, a child is 'abandoned' by his parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency. In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed. (b) The subjective intent of the parent, whether expressed or otherwise, unsupported by evidence of the foregoing parental acts manifesting such intent, shall not preclude a determination that such parent has abandoned his or her child. In making such determination, the court shall not require a showing of diligent efforts, if any, by an authorized agency to encourage the parent to perform the acts specified in paragraph (a) of the subdivision." Respondent moved to dismiss the petition as insufficient, contending that as a matter of law he could not be guilty of abandonment because he was incarcerated for two months of the six-month period. In support of his motion, his counsel submitted to the court an order dated February 4, 1980 by which respondent was committed to Monroe County Jail. Family Court ruled that respondent's incarceration interrupted the six-month period of claimed abandonment and dismissed the petition. In so holding, the court applied the provisions of section 384-b (subd 7, par [d], cl [iii]) of the Social Services Law, dealing with permanently neglected children, to this petition for abandonment. This was error requiring reversal of Family Court's order, reinstatement of the petition, and a hearing on the merits. Subdivisions 5 and 7 are discrete sections of section 384-b designed to cover different circumstances. The tolling provisions of subdivision 7 (par [d], cl [iii]) do not apply to a petition under subdivision 5 and incarceration does not, *ipso facto,* interrupt the running of the six-month period when computing the time for abandonment. In enacting section 384-b, the Legislature recognized that stability should be provided for children, either by reuniting them with their parents, or if that is not possible, by freeing them for adoption as soon as may reasonably be done consistent with the parents' rights. The provisions of the statute

anticipate the need to free children for adoption under disparate circumstances which may exist because of the death (subd 4) or mental illness (subd 6) of the parents, or their abandonment (subd 5), permanent neglect (subd 7) or abuse (subd 8) of the child. The conditions which bring the provisions of each section into play are entirely different. Thus, if a parent manifests an intent to forego his parental rights and obligations by failing to visit or communicate with the child or the agency having custody of the child for six months, he is deemed to have abandoned the child (Social Services Law, § 384-b, subd 4, par [b]; subd 5; see, also, Domestic Relations Law, § 111, subd 6, par [b]; *Matter of Goldman,* 41 NY2d 894). The statute presumes the parents' ability to visit and communicate with the child and a subjective intent, unsupported by the objective evidence, does not preclude a finding of abandonment. Additionally, subdivision 5 does not contain any statutory requirement that the court make a finding that the authorized agency tried to encourage the parents to maintain contact. In short, evidence of parental disinterest for six months requires the parent to satisfy the court that he did not intend to abandon the child. Subdivision 7, dealing with permanent neglect, is quite different. That section evinces a legislative recognition of the fact that some parents, although not technically guilty of abandonment, failed to maintain any meaningful contact with their children which will foster or support a family tie. The parent having evinced some interest, however, the Legislature has required that the various authorized agencies try to encourage and foster that interest between separated parent or parents and the child by helping the parents to make contact with their children and plan for a future in which the family is reunited. Manifestly, the two subdivisions apply to two different situations and accomplish two different things. The abandonment section is intended quickly to free for adoption children whose parents have shown no interest in them; the neglect section is designed to free for adoption children whose parents, although technically not guilty of abandonment, have failed to maintain regular contact with their children although granted a longer period of time to attempt to re-establish a family relationship (see NY Legis Ann, 1959, pp 208-209; *Matter of Anonymous* [*St. Christopher's Home*], 40 NY2d 96, 101, 102). A parent who shows some intention of maintaining contact may not have his rights terminated until after a year and then not unless the agency establishes to the satisfaction of the court that it has attempted to encourage and strengthen the parent-child relationship. Since the parent has shown some evidence of desiring to maintain the relationship, it is understandable that the Legislature should specifically provide that his incarceration or other involuntary confinement should not count against him. Conversely, when the parent has shown no interest in maintaining the relationship, even to the extent of contacting the child or agency to notify the agency of his whereabouts, the passage of the six-month abandonment period should not be interrupted unless the parent can justify his or her failure to maintain contact. It may be that respondent could not maintain contact here or that his failure to do so is excusable. The statute presumes otherwise, however, and the burden should properly be placed upon him to come forward with evidence to avoid an adverse finding. Concur — Simons, J. P., Denman and Boomer, JJ.

Callahan and Moule, JJ., dissent and vote to affirm the order for the reasons stated in the memorandum decision at Family Court, Cornelius, J. (Appeal from order of Monroe County Family Court, Cornelius, J. — abandoned child — dismiss petition.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.