◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN HAGEDORN, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Erie County Court, Forma, J.—criminal trespass, second degree.) Present—Doerr, J. P., Denman, Pine, Balio and Lawton, JJ.

◼ In the Matter of CHRISTINE F., a Child Alleged to be Abandoned.—Order unanimously reversed on the law without costs and petition granted. Memorandum: When the agency seeks termination of parental rights based upon abandonment of the child by the parent, the statute specifically provides that "[i]n making such determination, the court shall not require a showing of diligent efforts, if any, by an authorized agency to encourage the parent" to visit and communicate with the child or agency (Social Services Law § 384-b [5] [b]; *see also, Matter of Anonymous [St. Christopher's Home],* 40 NY2d 96, 99; *Matter of Malik M.,* 40 NY2d 840, 841; *Matter of Julius P.,* 100 AD2d 741, *affd* 63 NY2d 477; *Matter of Ulysses T.,* 87 AD2d 998, 999, *affd* 66 NY2d 773). Therefore, Family Court erred as a matter of law by holding that the Department of Social Services was required to prove "diligent efforts" before respondent's parental rights could be terminated based upon a showing of abandonment.

Upon our review of the record, we conclude that the evidence presented at the fact-finding hearing was sufficient to demonstrate that this child was abandoned by respondent. (Appeal from order of Erie County Family Court, Sedita, J.—terminate parental rights.) Present—Doerr, J. P., Denman, Pine, Balio and Lawton, JJ.