■ In the Matter of JESSICA LYNN W., a Child Alleged to be Permanently Neglected. DAVID W., Appellant; MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [665 NYS2d 205] —Order unanimously affirmed without costs. Memorandum: We reject the contention of respondent that petitioner, Monroe County Department of Social Services, failed to make diligent efforts to strengthen and encourage his relationship with his child (see, Social Services Law § 384-b [7] [a], [f]). Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems that prevent the discharge of the child into their care, and informing the parents of their

child's progress (see, Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136, 142). The record establishes by clear and convincing evidence that, although petitioner made "affirmative, repeated, and meaningful efforts" to assist respondent, its efforts were fruitless because respondent was utterly uncooperative (Matter of Sheila G., 61 NY2d 368, 385; see, Matter of Christine B., 231 AD2d 916, lv denied 89 NY2d 806).

We reject the further contention of respondent that petitioner failed to establish by clear and convincing evidence that he failed to plan for his child's future (see, Social Services Law § 384-b [7] [a]). In order to plan adequately for the future of a child, a parent must "assume a measure of initiative and responsibility" (Matter of Jamie M., 63 NY2d 388, 393; see, Matter of Jesus JJ., 232 AD2d 752, lv denied 89 NY2d 809). "At a minimum, parents must 'take steps to correct the conditions that led to the removal of the child from their home'" (Matter of Nathaniel T., 67 NY2d 838, 840, quoting Matter of Leon RR, 48 NY2d 117, 125). Mere denial of culpability or responsibility for the conditions is insufficient (see, Matter of Sonia H., 177 AD2d 575, 576-577). The failure of respondent to plan is evidenced by his uncooperative attitude, his failure to address in any manner his serious parental inadequacies, his refusal to become involved in addressing the child's mental health needs, and his failure to obtain stable housing or a legitimate source of income. (Appeal from Order of Monroe County Family Court, Bonadio, J.—Terminate Parental Rights.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.