■ In the Matter of June D. S., an Infant. Seneca County Division of Human Services, Respondent-Appellant; Mark V. S., Appellant-Respondent, et al., Respondent. [732 NYS2d 324] —Order unanimously modified on the law and as modified affirmed *without costs* in accordance with the following Memorandum: Family Court properly terminated the parental rights of Mark V. S. (respondent) on the ground that he abandoned his daughter (*see,* Social Services Law § 384-b [5]). Respondent refused to exercise visitation with his daughter after a dispute on January 26, 1999 with petitioner's caseworker, and he refused to attend meetings scheduled by the caseworker's supervisor in an attempt to resolve the dispute. Respondent spoke with the caseworker's supervisor approximately 20 times from the date of the dispute until this proceeding was commenced on November 5, 1999. During those conversations, the supervisor encouraged respondent to exercise the weekly visitation that was scheduled with his daughter and to comply with the court's directives that he be evaluated, participate in a treatment program and attend parenting classes, all of which were necessary in order to have his daughter returned to him. Respondent refused to exercise the scheduled weekly visits or comply with the court's directives unless a new caseworker was assigned, despite the knowledge that his refusal could result in the termination of his parental rights.

We conclude that respondent's contact with the supervisor is "insufficient to preclude a finding of abandonment" (*Matter of Christina,* 273 AD2d 918). "[E]vidence of parental disinterest for six months requires the parent to satisfy the court that he did not intend to abandon the child" (*Matter of Ulysses T.,* 87 AD2d 998, 999, *affd* 66 NY2d 773). Although respondent established that he disliked the caseworker and that petitioner refused to assign a different caseworker, respondent did not thereby meet his burden of establishing that he was unable to maintain contact with petitioner or his child because petitioner

discouraged or prevented from doing so (*Matter of Alexa Ray R.*, 276 AD2d 703, 704; *see also, Matter of Ulysses T., supra,* at 999).

With respect to petitioner's cross appeal, we conclude that the court erred in dismissing that part of the petition seeking a finding of permanent neglect (*see,* Social Services Law § 384-b [4] [d]). The court properly determined that respondent failed to plan for the future of his daughter, but erred in determining that petitioner did not exercise diligent efforts to strengthen and encourage the parental relationship between respondent and his daughter. Petitioner continued to notify respondent of scheduled weekly visits despite respondent's failure to exercise visitation; attempted to resolve the dispute that respondent had with the caseworker; arranged for services and transportation to those services; and repeatedly encouraged respondent to exercise visitation and comply with the court's directives and advised respondent that his failure to do so could result in the termination of his parental rights (*see, Matter of Westchester County Dept. of Social Servs. [Thomas Dewayne W.],* 207 AD2d 496, 497). Petitioner's efforts "were frustrated by respondent's uncooperative and noncompliant conduct" (*Matter of April B.,* 242 AD2d 926). The failure of petitioner to assign a new caseworker under these circumstances is not sufficient to support the court's determination that petitioner failed to make diligent efforts. Thus, we modify the order by granting that part of the petition seeking a finding of permanent neglect. The court determined that respondent abandoned his daughter, and "[a] dispositional hearing is not required where there is an adjudication of abandonment" (*Matter of Westchester County Dept. of Social Servs., supra,* at 497). (Appeals from Order of Seneca County Family Court, Bender, J.—Terminate Parental Rights.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.