■ In the Matter of JAYLYSIA S.-W. and Others, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUDSON W., Appellant. [813 NYS2d 622]—

Appeal from an order of the Family Court, Onondaga County (Robert J. Rossi, J.), entered April 19, 2005 in a proceeding pursuant to Social Services Law § 384-b. The order adjudicated respondent's children to be permanently neglected and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly adjudicated respondent's children to be permanently neglected and terminated respondent's parental rights. Contrary to respondent's contention, petitioner met its burden of establishing "by clear and

convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" (*Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *see* Social Services Law § 384-b [7] [f]; *Matter of Gregory B.*, 74 NY2d 77, 86 [1989]). Inasmuch as respondent was incarcerated and not eligible for parole until 2027, petitioner was not required to provide "services and other assistance . . . so that problems preventing the discharge of the child[ren] from care [could] be resolved or ameliorated" (§ 384-b [7] [f] [3]). In any event, petitioner established that it "explored the planning resources suggested by respondent and kept respondent apprised of the child[ren]'s progress. Although respondent maintained consistent contact with [petitioner] and [the] child[ren], he failed to plan for the child[ren]'s future in that the resources he proposed . . . were not realistic alternatives to foster care" (*Matter of "Male C."*, 22 AD3d 250, 250 [2005]; *see Matter of Danyel Ramona C.*, 306 AD2d 127, 128 [2003]). Thus, "given the circumstances, [petitioner] provided what services it could" (*Matter of Curtis N.*, 290 AD2d 755, 758 [2002], *lv dismissed* 97 NY2d 749 [2002]).

Contrary to respondent's further contention, "the dispositional proceeding was adequate" (*Matter of Anthony OO.*, 258 AD2d 788, 790 [1999]; *see Matter of Kasey Marie M.*, 292 AD2d 190, 191 [2002]; *cf. Matter of Kelly G.*, 244 AD2d 709, 710 [1997]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.