# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

518

CAF 10-00968

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

IN THE MATTER OF MYA B.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                          MEMORANDUM AND ORDER

CARRIE S., RESPONDENT,
AND WILLIAM B., JR., RESPONDENT-APPELLANT.

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

CHRISTINA CAGNINA, ATTORNEY FOR THE CHILD, SYRACUSE, FOR MYA B.

---

Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered March 29, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated the parental rights of respondent William B., Jr.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights on the ground of permanent neglect and transferring guardianship and custody of the child to petitioner. We reject the father's contention that petitioner failed to establish that it had exercised diligent efforts to encourage and strengthen the parent-child relationship during his incarceration as required by Social Services Law § 384-b (7) (a). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[] to overcome problems that prevent the discharge of the child into [his or her] care, and informing the parent[] of [the] child's progress" (*Matter of Jessica Lynn W.*, 244 AD2d 900, 900-901; *see* § 384-b [7] [f]). Petitioner is not required, however, to "guarantee that the parent succeed in overcoming his or her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385; *see Matter of Jamie M.*, 63 NY2d 388, 393) but, rather, the parent must "assume a measure of initiative and responsibility" (*Jamie M.*, 63 NY2d at 393). Here, petitioner established by the requisite clear and convincing evidence that it fulfilled its duty to exercise diligent efforts to encourage and strengthen the father's relationship with his child during the relevant time period (*see* § 384-b [3] [g] [i]; [7] [a]; *see generally*

*Matter of Star Leslie W.*, 63 NY2d 136, 142).

Contrary to the father's further contention, Family Court did not abuse its discretion in refusing to enter a suspended judgment. The record supports the court's determination that a suspended judgment, i.e., "a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311), was not in the child's best interests (*see Matter of Shadazia W.*, 52 AD3d 1330, *lv denied* 11 NY3d 706; *Matter of Da'Nasjeion T.*, 32 AD3d 1242). Finally, "[t]he father did not ask the court to consider post-termination contact with the child[ ] . . . or to conduct a hearing on that issue, and we conclude in any event that [he] failed to establish that such contact would be in the best interests of the child[ ]" (*Matter of Christopher J.*, 63 AD3d 1662, *lv denied* 13 NY3d 706 [internal quotation marks omitted]; *see Matter of Diana M.T.*, 57 AD3d 1492, *lv denied* 12 NY3d 708).

Entered:  May 6, 2011                                    Patricia L. Morgan
                                                        Clerk of the Court