# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**32**

**CAF 13-00010**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

IN THE MATTER OF ALEX C., JR.
------------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL        MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

ALEX C., SR., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

GERALD M. DRISCOLL, ATTORNEY FOR THE CHILD, OLEAN.

-----------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered June 27, 2012 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child on the ground of permanent neglect.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect and freed the child for adoption. Contrary to the father's contention, petitioner established "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the father] and the child" (*Matter of Ja-Nathan F.*, 309 AD2d 1152, 1152; *see* § 384-b [3] [g] [i]; [7] [a]). Among other things, petitioner arranged for a psychological evaluation of the father, facilitated supervised visitation between the child and the father both before and during the father's incarceration, recommended various services, and followed up with the father to remind him of those services.

Contrary to the further contention of the father, Family Court properly determined that he failed to plan for the future of the child (*see Matter of Serenity G. [Orena G.]*, 101 AD3d 1639, 1640; *see also* Social Services Law § 384-b [7] [a]). Although the father claimed that he took parenting classes while in prison, he told his caseworker that the classes were "stupid" and that he did not believe that he had learned anything in them. The father did not engage in mental health counseling, substance abuse treatment, or a domestic violence program

as recommended by petitioner and the psychologist who evaluated him. Further, the record establishes that the father's only "plan" for the child was that the child remain in foster care until the end of the father's term of incarceration.  "The failure of an incarcerated parent to provide any 'realistic and feasible' alternative to having the child[ ] remain in foster care until the parent's release from prison . . . supports a finding of permanent neglect" (*Matter of Gena S. [Karen M.]*, 101 AD3d 1593, 1594, *lv dismissed* 21 NY3d 975; *see Matter of Jaylysia S.-W.*, 28 AD3d 1228, 1229).

The father failed to preserve for our review his further contention that the court should have issued a suspended judgment instead of terminating his parental rights (*see Matter of Nestor H.O. [Nestor H.]*, 68 AD3d 1733, 1733; *Matter of Shadazia W.*, 48 AD3d 1058, 1058).  In any event, the evidence supports the court's determination that termination of the father's parental rights is in the best interests of the child, and that the father's "negligible progress" in addressing the issues that initially necessitated the child's removal from his custody was " 'not sufficient to warrant any further prolongation of the child's unsettled familial status' " (*Matter of Alexander M. [Michael A.M.]*, 106 AD3d 1524, 1525; *see Matter of Joanna P. [Patricia M.]*, 101 AD3d 1751, 1752, *lv denied* 20 NY3d 863; *Matter of Keegan JJ. [Amanda JJ.]*, 72 AD3d 1159, 1161-1162).  Moreover, petitioner established that the child was thriving in his foster placement and that the child's foster parents, i.e., his maternal great aunt and great uncle, intended to adopt him.

Entered:  February 7, 2014                      Frances E. Cafarell
                                                Clerk of the Court