# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**445**
**CAF 14-00178**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF DAVIANNA L.

----------------------------------------

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;

DAVID R., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE YOON OF COUNSEL),
PRO BONO APPEALS PROGRAM, FOR RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

BRYAN S. OATHOUT, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered January 10, 2014 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent had permanently neglected the subject child and transferred guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. We reject the father's contention that petitioner failed to establish that it made diligent efforts to encourage and strengthen the parental relationship. Upon our review of the record, we conclude that petitioner presented the requisite clear and convincing evidence that the assigned caseworker made repeated and diligent efforts to encourage and strengthen the parental relationship between the child and the father, who was incarcerated, including through written correspondence and telephonic communication (*see Matter of Jaylysia S.-W.*, 28 AD3d 1228, 1228-1229; *see generally Matter of Alex C., Jr. [Alex C., Sr.]*, 114 AD3d 1149, 1149-1150, *lv denied* 23 NY3d 901). Contrary to the father's further contention, petitioner established that, despite those efforts, the father failed substantially and continuously or repeatedly to maintain contact with or plan appropriately for the child's future (*see Alex C., Jr.*, 114 AD3d at 1150; *Matter of Whytnei B. [Jeffrey B.]*, 77 AD3d 1340, 1341).

"The [father's] failure . . . to provide any 'realistic and feasible' alternative to having the child[ ] remain in foster care until [his] release from prison . . . supports a finding of permanent neglect" (*Matter of Gena S. [Karen M.]*, 101 AD3d 1593, 1594, *lv dismissed* 21 NY3d 975).

Entered:  May 1, 2015                        Frances E. Cafarell
                                             Clerk of the Court