# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**341**

**CAF 16-00255**

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

IN THE MATTER OF CHLOE W.
------------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL        MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

AMY W., RESPONDENT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT.

M. MARK HOWDEN, COUNTY ATTORNEY, LITTLE VALLEY (STEPHEN J. RILEY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

SARA E. ROOK, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered January 29, 2016 in a proceeding
pursuant to Social Services Law § 384-b. The order, among other
things, transferred guardianship and custody of the subject child to
petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudicating
her child to be permanently neglected and terminating her parental
rights with respect to that child. In a prior appeal, we determined
that Family Court erred in admitting in evidence at a fact-finding
hearing on a neglect petition a 2012 evaluation of the mother by a
forensic psychologist who did not testify at that hearing (*Matter of
Chloe W. [Amy W.]*, 137 AD3d 1684, 1685). We concluded that the report
did not qualify for admission under Family Court Act § 1046 (a) (iv)
and that the error in admitting the document was not harmless owing to
the fact that the court's determination of neglect "was based largely
on findings contained within [that] report" (*Chloe W.*, 137 AD3d at
1685). On this appeal, the mother contends that the court erred in
admitting the same report in evidence at a fact-finding hearing on a
permanent neglect petition.

Although the mother relies heavily on our prior decision and
Family Court Act § 1046 (a) (iv), neither our holding in *Chloe W.* nor
section 1046 (a) (iv) is controlling in this matter. Although the
admission of such reports in neglect proceedings is governed by the
rules of evidence set forth in section 1046 (a) (iv), the admission of

such reports in termination proceedings under Social Services Law § 384-b is governed by CPLR 4518 (*see Matter of Noemi D.*, 43 AD3d 1303, 1304, *lv denied* 9 NY3d 814; *see generally Matter of Leon RR*, 48 NY2d 117, 122-123; *Matter of Shirley A.S. [David A.S.]*, 90 AD3d 1655, 1655, *lv denied* 18 NY3d 811).

On this appeal, the mother does not raise any contentions addressing the foundational requirements for admission of the report under CPLR 4518. Nevertheless, we conclude that, even if petitioner did not meet the foundational requirements for admission of the report, any error in its admission " 'is harmless because the result reached herein would have been the same even had [it] been excluded' " (*Matter of Kyla E. [Stephanie F.]*, 126 AD3d 1385, 1386, *lv denied* 25 NY3d 910). Unlike the prior appeal, the court in this matter did not base its determination on findings contained within the report (*cf. Chloe W.*, 137 AD3d at 1685). Thus, even without reference to the report, the evidence at the fact-finding hearing established that petitioner made the requisite diligent efforts (*see Matter of Mya B. [Williams B.]*, 84 AD3d 1727, 1727, *lv denied* 17 NY3d 707), and that the "mother did not comply with her service plan, inasmuch as she did not regularly attend visitation, find stable housing, or consistently engage in [her counseling sessions]" (*Matter of Zachary H. [Jessica H.]*, 129 AD3d 1501, 1501, *lv denied* 25 NY3d 915).

Entered:  March 24, 2017                         Frances E. Cafarell
                                                 Clerk of the Court