# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**80**

**CAF 15-01417**

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF SKYE N., STARR N., BRITTANI N.,
AND MITCHELL N.
-------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

CARL N., SR., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

KATE NOWADLY, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered August 11, 2015 in a proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b. The order, among other things, transferred guardianship and custody of the subject children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject children on the ground of permanent neglect and transferred guardianship and custody of the children to petitioner. Petitioner commenced the underlying proceeding alleging that the father derivatively neglected the subject children when he repeatedly sexually abused his then 14-year-old stepdaughter, who is not a subject of this proceeding. The father subsequently pleaded guilty to, inter alia, rape in the first degree and course of sexual conduct against a child in the second degree relating to his conduct with his stepdaughter.

Contrary to the father's contention, petitioner demonstrated by the requisite clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship by "developing an appropriate service plan tailored to the situation, regularly updating the [father] on the children's progress and continually reminding [him] to comply with the requirements of the service plan" (*Matter of Deime Zechariah Luke M. [Sharon Tiffany M.],*

112 AD3d 535, 536, *lv denied* 22 NY3d 863; *see Matter of Davianna L. [David R.]*, 128 AD3d 1365, 1365, *lv denied* 25 NY3d 914; *Matter of Jaylysia S.-W.*, 28 AD3d 1228, 1228-1229).  The father contends that he planned for the children's return by planning to participate in sex offender treatment, but could not do so because such a program was not offered at the facility where he was incarcerated.  We reject that contention, inasmuch as "petitioner was not required to provide 'services and other assistance . . . so that problems preventing the discharge of the child[ren] from care [could] be resolved or ameliorated' " (*Jaylysia S.-W.*, 28 AD3d at 1229, quoting Social Services Law § 384-b [7] [f] [3]; *see Matter of Amanda C.*, 281 AD2d 714, 716, *lv denied* 96 NY2d 714).

Contrary to the father's further contention, petitioner established that, despite its diligent efforts to reunite the father with the children, the father failed to plan for the children's future "by neither acknowledging nor meaningfully addressing the conditions that led to the children's removal in the first instance, namely, the underlying sexual abuse of another older daughter" (*Matter of Iasha Tameeka McL. [Herbert McL.]*, 135 AD3d 601, 601; *see Matter of Emerald L.C. [David C.]*, 101 AD3d 1679, 1680), and by failing to "provide any 'realistic and feasible' alternative to having the children remain in foster care until [his] release from prison" (*Matter of Gena S. [Karen M.]*, 101 AD3d 1593, 1594, *lv dismissed* 21 NY3d 975; *see Davianna L.*, 128 AD3d at 1365).

Although the father requested a suspended judgment at the dispositional hearing and thus preserved for our review his contention that Family Court erred in failing to grant that relief, we reject that contention inasmuch as the record of the dispositional hearing establishes that "any progress that [the father] made 'was not sufficient to warrant any further prolongation of the child[ren's] unsettled familial status' " (*Matter of Jose R.*, 32 AD3d 1284, 1285, *lv denied* 7 NY3d 718; *see Matter of Kyla E. [Stephanie F.]*, 126 AD3d 1385, 1386, *lv denied* 25 NY3d 910).

Finally, to the extent that the father contends that the court improperly admitted in evidence records containing hearsay statements, we conclude that any such error is harmless " 'because the result reached herein would have been the same even had such [statements] been excluded,' " and " '[t]here is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination' " (*Kyla E.*, 126 AD3d at 1386).

Entered:  March 24, 2017                     Frances E. Cafarell
                                             Clerk of the Court