# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**339**
**CAF 15-02177**
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

IN THE MATTER OF CHRISTIAN C.-B. AND
KNOAH L. C.-B.
----------------------------------------
LIVINGSTON COUNTY DEPARTMENT OF SOCIAL                MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

CHRISTOPHER V.B., AND RENEE E.C.,
RESPONDENTS-APPELLANTS.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT CHRISTOPHER V.B.

BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT RENEE E.C.

JOHN T. SYLVESTER, MT. MORRIS, FOR PETITIONER-RESPONDENT.

FARES A. RUMI, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeals from an order of the Family Court, Livingston County
(Robert B. Wiggins, J.), entered November 24, 2015 in a proceeding
pursuant to Social Services Law § 384-b.  The order, among other
things, terminated respondents' parental rights.

It is hereby ORDERED that said appeal by respondent Christopher
V.B. is unanimously dismissed and the order is affirmed without costs.

Memorandum:  In this permanent neglect proceeding pursuant to
Family Court Act article 6 and Social Services Law § 384-b, respondent
parents appeal from an order terminating their parental rights.
Initially, we note that the father's sole contention on appeal is that
Family Court erred in denying the mother's request for a suspended
judgment.  With respect "to the determination of the mother's parental
rights . . . [the father] cannot be considered an aggrieved party, and
[thus] his appeal must be dismissed" (*Matter of Vivian OO.*, 33 AD3d
1096, 1096; *see Matter of Charle C.E. [Chiedu E.]*, 129 AD3d 721, 721-
722; *see also Matter of Terrance M. [Terrance M., Sr.]*, 75 AD3d 1147,
1147).

On her appeal, the mother initially contends that petitioner
failed to establish that it had exercised diligent efforts to
encourage and strengthen the parent-child relationship while she was
incarcerated, as required by Social Services Law § 384-b (7) (a).  We
reject that contention.  "Diligent efforts include reasonable attempts
at providing counseling, scheduling regular visitation with the

child[ren], providing services to the parent[] to overcome problems that prevent the discharge of the child[ren] into [his or her] care, and informing the parent[] of [the children's] progress" (*Matter of Jessica Lynn W.*, 244 AD2d 900, 900-901; *see* § 384-b [7] [f]). Petitioner is not required, however, to "guarantee that the parent succeed in overcoming his or her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385; *see Matter of Jamie M.*, 63 NY2d 388, 393). Rather, the parent must "assume a measure of initiative and responsibility" (*Jamie M.*, 63 NY2d at 393). Here, petitioner established, by the requisite clear and convincing evidence (*see* § 384-b [3] [g] [i]), that it fulfilled its duty to exercise diligent efforts to encourage and strengthen the mother's relationships with her children (*see generally Matter of Star Leslie W.*, 63 NY2d 136, 142). For instance, petitioner established that it arranged visitation between the mother and the subject children, transported the children to those visits, "explored the planning resources suggested by [the mother,] and kept [her] apprised of the child[ren]'s progress" (*Matter of "Male C."*, 22 AD3d 250, 250; *see Matter of Davianna L. [David R.]*, 128 AD3d 1365, 1365, *lv denied* 25 NY3d 914; *Matter of Mya B. [William B.]*, 84 AD3d 1727, 1727-1728, *lv denied* 17 NY3d 707). Thus, "given the circumstances, [petitioner] provided what services it could" (*Matter of Curtis N.*, 290 AD2d 755, 758, *lv dismissed* 97 NY2d 749).

Contrary to the further contention of the mother, the court properly concluded that she permanently neglected the subject children inasmuch as she "failed substantially and continuously or repeatedly to . . . plan for the future of the child[ren] although . . . able to do so" (*Star Leslie W.*, 63 NY2d at 142; *see Matter of Justin Henry B.*, 21 AD3d 369, 370). " '[T]o plan for the future of the child' shall mean to take such steps as may be necessary to provide an adequate, stable home and parental care for the child" (Social Services Law § 384-b [7] [c]). "At a minimum, parents must 'take steps to correct the conditions that led to the removal of the child[ren] from their home' " (*Matter of Nathaniel T.*, 67 NY2d 838, 840; *see Matter of Crystal Q.*, 173 AD2d 912, 913, *lv denied* 78 NY2d 855). Here, "there is no evidence that [the mother] had a realistic plan to provide an adequate and stable home for the child[ren]" (*Matter of Saiah Isaiah C. [Tanisha C.]*, 144 AD3d 585, 586; *see Matter of Micah Zyair F.W. [Tiffany L.]*, 110 AD3d 579, 579).

Finally, we reject the mother's contention that the court erred in denying her request for a suspended judgment. The court concluded, inter alia, that there was little chance that the mother could continue to control her addictions or gain insight into how her choices were impacting the children, and " '[t]he court's assessment that [the mother] was not likely to change [her] behavior is entitled to great deference' " (*Matter of Tiara B. [Torrance B.]*, 70 AD3d 1307, 1308, *lv denied* 14 NY3d 709; *see Matter of Jane H. [Susan H.]*, 85 AD3d 1586, 1587, *lv denied* 17 NY3d 709; *Matter of Philip D.*, 266 AD2d 909, 909). Consequently, the court properly determined that " '[f]reeing the child[ren] for adoption provided [them] with prospects for permanency and some sense of the stability [they] deserved, rather than the perpetual limbo caused by unfulfilled hopes of returning to

[the mother's] care' " (*Matter of Roystar T. [Samarian B.]*, 72 AD3d 1569, 1570, *lv denied* 15 NY3d 707).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court