■ In the Matter of KEMARI W. and Others, Infants. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent; JESSICA J., Appellant. [61 NYS3d 436]—

Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered November 17, 2015 in a proceeding pursuant to, inter alia, Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this permanent neglect proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b, respondent mother appeals from an order that terminated her parental rights with respect to the subject children. The mother contends that petitioner failed to establish that it had exercised diligent efforts to encourage and strengthen her parental relationship with the children, as required by Social Services Law § 384-b (7) (a). We reject that contention. "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child[ren], providing services to the parent[ ] to overcome problems that prevent the discharge of the child[ren] into [his or her] care, and informing the parent[ ] of [the children's]

progress" (*Matter of Jessica Lynn W.*, 244 AD2d 900, 900-901 [1997]; *see* § 384-b [7] [f]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Here, in addition to other efforts, petitioner "arranged for a psychological assessment of the mother" (*Matter of Cayden L.R. [Melissa R.]*, 108 AD3d 1154, 1155 [2013], *lv denied* 22 NY3d 886 [2013]), and developed "an appropriate service plan tailored to the situation" and based upon that assessment (*Matter of Skye N. [Carl N.]*, 148 AD3d 1542, 1543 [2017] [internal quotation marks omitted]). Petitioner also notified the mother of the children's medical appointments, conducted service plan review meetings, and encouraged the mother to engage in regular visitation. The mother, however, frustrated petitioner's efforts by, among other things, insisting that visitation occur in her home but refusing to allow petitioner to conduct a home inspection. Petitioner is not required to "guarantee that the parent succeed in overcoming his or her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]), and the parent must "assume a measure of initiative and responsibility" (*Matter of Jamie M.*, 63 NY2d 388, 393 [1984]). We conclude that, "[g]iven the circumstances, [petitioner] provided what services it could" (*Matter of Christian C.-B. [Christopher V.B.]*, 148 AD3d 1775, 1776 [2017] [internal quotation marks omitted]).

Contrary to the mother's further contention, she was not denied effective assistance of counsel. "The record, viewed in its totality, establishes that the [mother] received meaningful representation" (*Matter of Heffner v Jaskowiak*, 132 AD3d 1418, 1418 [2015]; *see generally People v Benevento*, 91 NY2d 708, 712 [1998]). Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.