Matter of Michael S. (Kathryne T.) (2018 NY Slip Op 01725)





Matter of Michael S. (Kathryne T.)


2018 NY Slip Op 01725


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


149 CAF 16-00306

[*1]IN THE MATTER OF MICHAEL S. AND GABRIEL S. CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, PETITIONER-RESPONDENT; KATHRYNE T., RESPONDENT, AND TIMOTHY S., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA L. DAVISON-MARCH, MAYVILLE, FOR PETITIONER-RESPONDENT. 
MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered February 4, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, determined that respondents had permanently neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order determining that the subject children are permanently neglected. With the consent of the parties, Family Court suspended judgment for six months. In appeal No. 2, the father appeals from an order revoking the suspended judgment and terminating his parental rights with respect to the children.
Contrary to the father's contention in appeal No. 1, the court properly determined that petitioner demonstrated by the requisite clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the children (see Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1550 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child[ren], providing services to the parents to overcome problems that prevent the discharge of the child[ren] into their care, and informing the parents of their child[ren]'s progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]). Here, petitioner had the father psychologically evaluated, provided him with a copy of the report, connected him with mental health providers to address some of his issues, coordinated regular visitation with the children, provided him with parenting classes, encouraged him to schedule medical appointments for the children, provided him with transportation assistance, offered him budget counseling, and encouraged him to maintain safe, suitable, and stable housing.
With respect to appeal No. 2, "it is well settled that, [i]f [petitioner] establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights' " (Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1483 [4th Dept 2014]). Here, there is a sound and substantial basis in the record to support the court's determination that the father failed to comply with the terms of the suspended judgment and that it is in the children's best interests to terminate his parental rights (see Matter of Amanda M. [George M.], 140 AD3d 1677, 1678 [4th Dept 2016]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court