Matter of Caidence M. (Francis W.M.) (2018 NY Slip Op 04168)





Matter of Caidence M. (Francis W.M.)


2018 NY Slip Op 04168


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


625 CAF 16-01341

[*1]IN THE MATTER OF CAIDENCE M., BIANCA M., AND FRANCIS M. 
SENECA COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; FRANCIS W.M., RESPONDENT-APPELLANT. 






MARY M. WHITESIDE, NORTH HOLLYWOOD, CALIFORNIA (DAVID M. ABBATOY, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT. 
FRANK R. FISHER, COUNTY ATTORNEY, WATERLOO (DAVID K. ETTMAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SARA E. ROOK, ROCHESTER, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Seneca County (Dennis F. Bender, J.), entered July 21, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order terminating his parental rights on the ground of permanent neglect and transferring guardianship and custody of his three children to petitioner. We reject the father's contention that petitioner failed to establish that it had exercised diligent efforts to encourage and strengthen the parent-child relationship during his incarceration as required by Social Services Law § 384-b (7) (a). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems that prevent the discharge of the child into their care, and informing the parents of their child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see § 384-b [7] [f]; Matter of Mya B. [William B.], 84 AD3d 1727, 1727 [4th Dept 2011], lv denied 17 NY3d 707 [2011]).
Social Services Law § 384-b (7) (f) (3) provides that an agency need not provide "services and other assistance to . . . incarcerated parents" (see Matter of Jaylysia S.-W., 28 AD3d 1228, 1229 [4th Dept 2006]). While an agency's obligation to exercise diligent efforts is not obviated by a parent's incarceration (see § 384-b [7] [f]), it does "create[] some impediments, both to the agency and to the parent," leading courts to conclude that diligent efforts in such circumstances may be established by the agency "apprising the incarcerated parent of the child's well-being, developing an appropriate service plan, investigating possible placement of the child with relatives suggested by the parent, responding to the parent's inquiries and facilitating telephone contact between the parent and child" (Matter of James J. [James K.], 97 AD3d 936, 937 [3d Dept 2012]; see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430 [2012]).
Here, petitioner established by clear and convincing evidence that it fulfilled its duty in that regard (see Mya B., 84 AD3d at 1728). During the nearly four-month period after petitioner removed the children from the father's home to the time the father was incarcerated, petitioner offered the father drug treatment and parent counseling services, transportation assistance, and information about available apartments when the father stated that he was going to be evicted from his apartment. The father refused drug treatment and parent counseling and tested positive [*2]for cocaine, and he was arrested for armed robbery and criminal possession of a controlled substance in the third degree, leading to his incarceration. While the father was incarcerated, petitioner arranged visits between the father and the children, made special arrangements to have the visits take place during the week, kept the father apprised of the children's well-being, and investigated the children's possible placement with relatives.
The evidence at the hearing established that the father failed to plan for the future of the children (see Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1776-1777 [4th Dept 2017], lv denied 29 NY3d 917 [2017]). Although the father wanted the children to live with the paternal grandmother until he was released from prison, petitioner determined that the grandmother was not a viable candidate (see Matter of Amanda C., 281 AD2d 714, 716-717 [3d Dept 2001], lv denied 96 NY2d 714 [2001]). Petitioner also investigated the paternal uncle, who lived out of state, but likewise determined that he was not a viable candidate. In any event, the uncle offered to take custody of only one child. Finally, the father's alternative suggestion, i.e., that the children remain in foster care until he was released from prison, was "not in the child[ren']s best interests and [was] antithetical to [their] need for permanency" (Matter of Kaiden AA. [John BB.], 81 AD3d 1209, 1211 [3d Dept 2011]; see Matter of Skye N. [Carl N.], 148 AD3d 1542, 1544 [4th Dept 2017]; Matter of Gena S. [Karen M.], 101 AD3d 1593, 1594 [4th Dept 2012], lv dismissed 21 NY3d 975 [2013]).
The father further contends that the oldest child was denied effective assistance of counsel inasmuch as one attorney represented all three children and there was an alleged conflict of interest between the eldest child and the two younger children. That contention is not preserved for our review inasmuch as the father failed to request the removal of the Attorney for the Children (AFC) (see Matter of Aaliyah H. [Mary H.], 134 AD3d 1574, 1575 [4th Dept 2015], lv denied 27 NY3d 906 [2016]; see also Matter of Shonyo v Shonyo, 151 AD3d 1595, 1596 [4th Dept 2017], lv denied 30 NY3d 901 [2017]). For the same reason, the father's contention that the AFC was biased against him is unpreserved for our review (see Matter of Elniski v Junker, 142 AD3d 1392, 1393 [4th Dept 2016]; Matter of Nicole VV., 296 AD2d 608, 613 [3d Dept 2002], lv denied 98 NY2d 616 [2002]), as are the father's assertions that the AFC improperly substituted her judgment for that of the younger siblings and otherwise did not provide the oldest child with effective representation (see Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1297 [3d Dept 2017]).
Finally, we conclude that there is a sound and substantial basis in the record for Family Court's order terminating the father's parental rights and freeing the children for adoption (see Matter of Jyashia RR. [John VV.], 92 AD3d 982, 985 [3d Dept 2012]; see generally Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497 [4th Dept 2015], lv dismissed in part and denied in part 26 NY3d 941 [2015]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court