Matter of Lennox M. (Sarah M.-S.) (2019 NY Slip Op 04567)





Matter of Lennox M. (Sarah M.-S.)


2019 NY Slip Op 04567


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


530 CAF 17-01596

[*1]IN THE MATTER OF LENNOX M. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SARAH M.-S., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR RESPONDENT-APPELLANT.
AMY C. KELLER, BATH, FOR PETITIONER-RESPONDENT. 
CHRISTINE F. REDFIELD, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered July 3, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from orders that, inter alia, terminated her parental rights with respect to two of her children pursuant to Social Services Law § 384-b on the ground of permanent neglect.
We reject the mother's contention that Family Court erred in determining that she permanently neglected the children. Contrary to the mother's contention, we conclude that petitioner met its burden of establishing "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the [mother] and [the children]" by providing services that were specifically tailored to the mother's needs (Matter of Jayveon S. [Timothy S.], 158 AD3d 1283, 1283 [4th Dept 2018], lv denied 31 NY3d 908 [2018] [internal quotation marks omitted]). Prior to the mother's incarceration, petitioner made referrals for the mother to participate in mental health and substance abuse treatment and parenting assistance. Petitioner facilitated visitation and conducted service plan reviews with the mother. Petitioner also attempted to assist her in finding housing, but the mother was uncooperative. Contrary to the mother's contention, the court properly determined that she failed to meaningfully participate in the recommended services. Despite the mother's participation in substance abuse treatment, she continued to test positive for drugs and was ultimately discharged from both mental health and substance abuse treatment without meeting her goals.
After the mother was incarcerated, petitioner continued to make diligent efforts by facilitating visitation, providing her with permanency hearing reports and service plan reviews, and investigating the possibility of placing the children with the people suggested by the mother (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430 [2012]; Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539 [4th Dept 2018], lv denied 32 NY3d 905 [2018]; Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1776 [4th Dept 2017], lv denied 29 NY3d 917 [2017]). Thus, the court properly determined that she permanently neglected the children inasmuch as she "failed substantially and continuously or repeatedly to . . . plan for the future of the child[ren] although . . . able to do so" (Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). Indeed, the mother failed to "provide any realistic and feasible alternative to having the children remain in foster care until [her] release from prison" (Matter of Skye N. [Carl N.], 148 AD3d 1542, 1544 [4th Dept 2017] [internal quotation marks omitted]).
Finally, contrary to the mother's contention, the court did not abuse its discretion in terminating her parental rights rather than granting a suspended judgment (see Matter of Mirabella H. [Angela I.], 162 AD3d 1733, 1734-1735 [4th Dept 2018], lv denied 32 NY3d 909 [2018]; Matter of Dahmani M. [Jana M.], 104 AD3d 1245, 1246 [4th Dept 2013]). The record reflects that the mother had custody of the older of the two subject children for only a few weeks after his birth and never had custody of the younger child; that the children had been in foster care for several years by the time of the dispositional hearing; and that even if the mother were to be released from incarceration in the near future, she would still need to address the issues that led to the children's removal in the first instance. The record therefore supports the court's determination that termination of the mother's parental rights is in the best interests of the children.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court