Matter of Dagan B. (Calla B.) (2021 NY Slip Op 01568)





Matter of Dagan B. (Calla B.)


2021 NY Slip Op 01568


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


13 CAF 19-02064

[*1]IN THE MATTER OF DAGAN B. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CALLA B., RESPONDENT-APPELLANT. (APPEAL NO. 3.) 






DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA, FOR PETITIONER-RESPONDENT. 
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered September 11, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal Nos. 1 and 2, respondent mother appeals from orders entered in a proceeding pursuant to Family Court Act article 10 that continued placement of the subject child with petitioner until the completion of the next permanency hearing. The mother has not raised any contentions with respect to those orders, and we therefore dismiss those appeals as abandoned (see generally Golf Glen Plaza Niles, Il. L.P. v Amcoid USA, LLC, 160 AD3d 1375, 1376 [4th Dept 2018]). In any event, those appeals have also been rendered moot by subsequently entered permanency orders (see Matter of Anthony L. [Lisa P.], 144 AD3d 1690, 1691 [4th Dept 2016], lv denied 28 NY3d 914 [2017]), and by the order in appeal No. 3, which, inter alia, terminated the mother's parental rights with respect to the subject child (see Matter of Jaxsin L. [Heather L.], 124 AD3d 1398, 1399 [4th Dept 2015]).
In appeal No. 3, the mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect. The mother contends that petitioner failed to establish that it had exercised diligent efforts to encourage and strengthen her parental relationship with the child, as required by Social Services Law § 384-b (7) (a). We reject that contention. "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[] to overcome problems that prevent the discharge of the child into [his or her] care, and informing the parent[] of the[ ] child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). The record establishes by clear and convincing evidence that petitioner made "affirmative, repeated, and meaningful efforts" to assist the mother (Matter of Sheila G., 61 NY2d 368, 385 [1984]), including making referrals for evaluation and therapy, providing transportation services, and coordinating supervised visitation. Nonetheless, petitioner's efforts were fruitless because the mother was utterly uncooperative in that she, among other things, refused to provide her residential address for the purpose of a home inspection or sign a release so that petitioner could talk to the mother's purported psychologist, despite Family Court confirming that the mother understood that her failure to do either was preventing petitioner from returning the child to her care (see id.; Matter of Markus R., 273 AD2d 919, 920 [4th Dept 2000]). Further, the mother's disruptive behaviors [*2]during supervised visitation inhibited petitioner's ability to find willing visitation supervisors despite petitioner's continued attempts to do so. Thus, the court did not err in granting petitioner's request to suspend visitation because, contrary to the mother's contention, it was not a lack of diligent efforts by petitioner that prevented visitation from being able to safely occur (see generally Matter of June D.S., 288 AD2d 904, 905 [4th Dept 2001]). "[G]iven the circumstances, [petitioner] provided what services it could" (Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1776 [4th Dept 2017], lv denied 29 NY3d 917 [2017] [internal quotation marks omitted]).
Contrary to the mother's further contention, the court did not err in determining that she permanently neglected the child because she failed to plan for the child's future, i.e., she failed "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child" (Social Services Law § 384-b [7] [c]; see Matter of Janette G. [Julie G.], 181 AD3d 1308, 1309 [4th Dept 2020], lv denied 35 NY3d 907 [2020]). Finally, we conclude that there is a sound and substantial basis in the record for the court's determination to terminate the mother's parental rights (see Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1541 [4th Dept 2018], lv denied 32 NY3d 905 [2018]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court